# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.M., et al., | Case No. 1:15-cv-01709-LJO-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| SCHWARZENEGGER, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**BACKGROUND**

Plaintiffs Ramona Talamantez and minors C. M and I. M ("Plaintiffs") filed this civil rights action on November 9, 2015, pursuant to 42 U.S.C. § 1983 alleging deliberate indifference in violation of the Eighth Amendment caused the death of their son/father. While the complaint was filed "by and through her guardian ad litem" neither minor plaintiff has sought to have the court appoint a guardian ad litem. On May 23, 2016, Plaintiffs' counsel filed a motion to withdraw as attorney of record. On June 21, 2016 an order issued continuing the hearing and directing Plaintiffs to provide proof of appointment of guardian ad litem and directing counsel to personally serve Plaintiff Talamantez, Helen Cervantes, and Adelita Montes with notice to appear for the hearing on this motion.

On July 5, 2016, Plaintiffs' counsel filed a declaration stating that counsel had sought the

assistance of a probate attorney in filing petitions to appoint the mothers of the minors as guardian ad litem in state court. The probate attorney has mailed notices to the mothers of the minors regarding court dates to which they have not responded and this has required the case to be continued. There is a court date in late October 2016 in probate court and the attorney does not expect that the court will agree to a further continuance. Therefore, the minors have not been appointed a guardian ad litem. On August 17, 2016, counsel filed proofs that Plaintiff Talamantez, Helen Cervantes, and Adelita Montes had been personally served with the order requiring them to appear at the August 31, 2016 hearing.

The Court held a hearing on August 31, 2016, on the motion to withdraw as counsel and the plaintiffs did not appear. On this same date, an order issued deferring ruling on the motion to withdraw and ordering Plaintiffs to appear for a hearing on September 20, 2016 to show cause why this action should not be dismissed for failure to prosecute and failure to comply with court orders. (ECF No. 25.) Plaintiffs C.M. and I.M. were personally served through their guardians with the order on September 13, 2016. (ECF No. 26.) During the September 20, 2016 hearing, Plaintiffs' counsel, Mr. Bush, stated that he had attempted to personally serve Plaintiff Talamantez but was unable to locate her as she had moved without providing an updated address.[1] Mr. Bush also stated that he had attempted to locate her at a previous address but she was not residing there. None of the plaintiffs appeared at the September 20, 2016 hearing.

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

---

[1] The Court had the plaintiffs served by mail. Counsel took it upon himself to personally serve the plaintiffs although not required to do so by the Court.

2

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiffs' actions here have shown a lack of diligence in prosecuting this action.  Counsel has attempted to make arrangements for a guardian ad litem to be appointed for the minors in state court.  The mothers of the minors have not responded to attorney communication to have guardian ad litem appointments completed. The plaintiffs have not responded to communication from Mr. Bush and his office in this action. Mr. Bush met with the plaintiffs in December 2015 and informed them that they needed to obtain new counsel in this action.  Plaintiffs have not filed a substitution of counsel nor did they appear in response to orders from this court to appear on August 31, 2016, and September 20, 2016. The plaintiffs' failure to keep in contact with their attorney and comply with the orders of the

Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiffs do not intend to diligently litigate this action.

Since it appears that Plaintiffs do not intend to diligently litigate this action there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiffs offer an excuse for the delay. In re Eisen, 31 F.3d at 1453. However, despite the Court's providing an opportunity to respond to an order to show cause why this action should not be dismissed, the plaintiffs have not provided any response. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is the plaintiffs' responsibility to move this action forward. This action can proceed no further without the plaintiffs' cooperation and compliance with the orders at issue. The minor plaintiffs are unable to proceed in this action without representation.[2] The plaintiffs have not kept in contact with their attorney nor complied with this Court's attempts to address the issue. The action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's June 21, 2016 order requiring Plaintiffs to personally appear on August 31, 2016 stated that failure to appear for the noticed hearing "may result in the issuance of sanctions up to and including dismissal of this action."

---

[2] Rule 17 of the Federal Rules of Civil Procedure provides that a minor or incompetent person may sue by a next friend or guardian ad litem. Fed. R. Civ. P. 17(c)(2). A guardian ad litem must be formally appointed for the minor plaintiffs. See Watson v. Cty. of Santa Clara, 468 F.Supp.2d 1150, 1155 (N.D. Cal. 2007) (dismissing minor defendants from action for failure to have guardian ad litem appointed). Further, it is established that a non-attorney parent must be represented by counsel in bringing an action on behalf of the child. Johns v. Cty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). There is no choice for minors to appear pro se under state law and there "is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others." Id. "[I]t is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Id. at 876–77. Therefore, the Ninth Circuit held that an attorney cannot bring an action on behalf of their minor child without retaining legal counsel. Id. at 877.

(ECF No. 20 at 2:17-19.)  The August 31, 2016 order requiring Plaintiffs attendance at the September 20, 2016 hearing stated, "Plaintiffs are advised that failure to comply with this order will result in the recommendation that this action be dismissed for failure to comply with a court order and failure to prosecute[.]"  (ECF No. 25 at 4:3-5.)  Thus, Plaintiffs had adequate warning that dismissal would result from their noncompliance with the Court's order and the failure to appear.

### III.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to comply with Court orders and failure to prosecute.  The Clerk of the Court is directed to serve a copy of this findings and recommendations on the plaintiffs who are now proceeding pro se in this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 20, 2016**

UNITED STATES MAGISTRATE JUDGE